**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KIMBERLY DOUGHERTY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-0133 |
| | § | |
| PETCO SOUTHWEST, INC. and | § | |
| PETRA HEARNE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is a premises liability case in which the plaintiff, Kimberly Dougherty, alleges that she was injured in June 2007 when buckets of cat litter fell on her foot while she was shopping at a Petco store in Texas. She alleges that the defendants, Petco Southwest, Inc. and one of its employees, Petra Hearne—the store manager—were negligent. Dougherty is a Virginia citizen. Petco is a California company with its principal place of business in that state. Hearne is a Texas resident.

Dougherty filed this suit in Texas state court in June 2008. The state district court granted Hearne's summary judgment motion in December 2009, although no final judgment as to Hearne was granted. In January 2010, Petco removed. Dougherty timely moved to remand. (Docket Entry No. 3). Based on the motion and response, (Docket Entry No. 7), the parties' submissions, the arguments of counsel, and the applicable law, this court grants the motion to remand. The reasons are set out below.

**I.      Background**

On June 26, 2008, Dougherty sued Petco and its employee, Hearne, in Texas state court, alleging negligence by both defendants.  (Docket Entry No. 1, Plaintiff's Original Petition).  On November 26, 2008, Dougherty filed a Notice of Nonsuit Without Prejudice only as to Hearne. (Docket Entry No. 1, Order of Nonsuit Without Prejudice).  On December 31, 2008, the Texas state court signed an order granting the nonsuit.  (*Id.*).  At some point, Petco advised Dougherty that it would be filing a Notice of Removal.  (*Id.*, Notice of Removal).  On January 8, 2009, before any Notice of Removal was filed, Dougherty amended her state-court petition to rename Hearne as a defendant. (*Id.*, Plaintiff's First Amended Petition).  Petco did not remove at that time.  (*Id.*, Notice of Removal).

On October 28, 2009, both defendants moved for summary judgment.  (Docket Entry No. 3, Ex. C).  On December 18, 2009, the Texas trial court granted Hearne's motion for summary judgment but denied Petco's.  (*Id.*; Docket Entry No. 3, Ex. E).  Both defendants had argued that as a matter of law, the condition of the store was not unreasonably dangerous when Dougherty was injured by the falling cat-litter containers.  Hearne's motion was based on the additional ground that under Texas law, a store manager could not be held liable for the store's failure to provide safe premises.  (Docket Entry No. 3, Ex. C at 6).

On January 14, 2010, within thirty days after the state judge granted Hearne's summary judgment motion, Petco removed to this court on the basis of diversity jurisdiction.  (*Id.*, Notice of Removal).  Petco stated that federal removal jurisdiction was present because the claims against Hearne, a Texas citizen, had been dismissed from the case.  (*Id.*).

On January 25, 2010, Dougherty moved to remand.  (Docket Entry No. 3, Motion to Remand).  Petco responded.  (Docket Entry No. 7).  This court held oral argument on the motion.

2

Each argument and response is analyzed below.

**II.     The Applicable Legal Standard**s

A defendant has the right to remove a case to federal court when federal subject-matter jurisdiction exists and the removal procedure has been properly followed. *See* 28 U.S.C. § 1441. A federal court has subject-matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). For purposes of federal diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Although there is complete diversity among Dougherty (a Virginia citizen), Petco (a California citizen), and Hearne (a Texas citizen), § 1441(b) states that "[a]ny other such action [of which the district courts have original jurisdiction] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Hearne's presence in the suit as an in-state defendant precludes removal jurisdiction if she was properly joined.

28 U.S.C. § 1446(b) governs the procedure for removing civil cases. The statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by

> section 1332 of this title more than 1 year after commencement of the
> action.

"The first paragraph [of § 1446(b)] applies only to civil actions in which the case stated by the initial pleading is removable.  The second paragraph applies only to civil actions in which the initial pleading states a case that is not removable." *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998).  Under the second paragraph, an initially nonremovable case must be removed within thirty days "after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Removal under this paragraph is further limited by the one-year limit on removing diversity cases.  28 U.S.C. § 1446(b).  This one-year limit only applies to cases governed by the second paragraph—cases that were not initially removable when filed.  *N.Y. Life Ins. Co.*, 142 F.3d at 886 ("When read in its entirety with these precepts in mind, Section 1446 requires that we interpret the one-year limitation on diversity removals as applying only to the second paragraph of that section, *i.e.*, only to cases that are not initially removable.").

Generally, a failure to remove within the thirty-day statutory window defeats removal.  *See Capturion Network, LLC v. Daktronics, Inc.*, No. 2:08cv232, 2009 WL 1515026, at *2 (S.D. Miss. May 29, 2009) ("The [§ 1446] time limits are not jurisdictional, but are nonetheless 'mandatory and therefore strictly construed.'"(quotation omitted)); *Hodge v. Stallion Oilfield Servs.*, No. H-07-CV-2255, 2007 WL 2777771, at *1 (S.D. Tex. Sept. 20, 2007) ("The time limitations in [28 U.S.C.] Section 1446 are mandatory and must be strictly construed in accordance with the computation principles in Federal Rule of Civil Procedure 6." (quotation omitted)); *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) ("While the time limitation for removal is not

jurisdictional, and, therefore, may be waived, failure to petition for removal within thirty days may render removal improvident within the meaning of 28 U.S.C. § 1447(c). In the absence of waiver of the [thirty-day] time limit by the plaintiff, or some equitable reason why that limit should not be applied, however, a defendant who does not timely assert the right to remove loses that right." (footnotes omitted)).

A failure to remove within the one-year time limit of § 1446(b) is also a ground for remand. An equitable exception to this waiver rule may apply. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). This exception requires a finding that the "plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." *Id.* at 428–29. Courts examine the parties' conduct to determine whether "it is equitable to strictly apply the one-year limit." *Id.* at 426. Evidence that "[e]ach time it became apparent that the right to remove existed, [the defendant] sought to exercise that right" is also considered. *Id.* at 428. Even a defendant whose removal notice is timely may be held to have waived the right to remove if the defendant heavily invoked the state-court processes before removal. *See Brown*, 192 F.2d at 481 ("Even a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court."). In determining if an equitable exception is proper, a court must balance the exception with the general rule that removal jurisdiction is to be construed strictly because "a defendant's use of [§ 1441] deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979) ("[A]mbiguities are generally construed against removal . . . .").

III.    Analysis

Hearne is a citizen of Texas.  The parties do not dispute that on the face of Dougherty's original state-court petition, the case was not removable under § 1441(b).  That statute provides: "[a]ny other such action [of which the district courts have original jurisdiction] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Petco argues that Hearne's Texas citizenship does not defeat removal because she was improperly joined.  (Docket Entry No. 7 at 4).  Dougherty argues that Hearne is still a party because the order granting her summary judgment motion was only interlocutory, not final, making removal improper.  (*Id.* at 2–3).  Dougherty further contends that Petco waived its right to removal by filing its motion for summary judgment in the state court; that Petco failed to remove the case within thirty days after November 26, 2008, when Dougherty nonsuited Hearne; and that Petco failed to remove within one year after the commencement of the plaintiff's state-court lawsuit.  (*Id*. at 4–5).

In response, Petco argues that it did not waive its right to remove and did not fail to comply with the thirty-day deadline for removal.  (Docket Entry No. 7 at 4–5).  Petco also asserts that the state court order granting Hearne's summary judgment motion disposed of Dougherty's claims against Hearne and therefore removed the only in-state defendant.  (*Id.*).  Alternatively, according to Petco, even if Hearne is still a party to the suit, the summary judgment order entered by the state court shows that she was improperly joined and that her citizenship should be disregarded in determining federal removal jurisdiction.  (*Id.* at 4).  Petco argues that it could not demonstrate fraudulent joinder until the state trial court granted Hearne's motion for summary judgment and that the thirty-day period did not begin to run until that summary judgment was granted.  (Docket Entry

6

No. 7 at 6).  Petco also contends that it is entitled to an equitable exception to the one-year limitation

on removing diversity cases due to Dougherty's "manipulation of the rules to prevent removal of this

case by improperly joining Petra Hearne."  (*Id.* at 7).

### A.      Petco's Failure to Remove Within Thirty Days After the Grounds for Removal Were Ascertainable

   *i.      The Failure to Remove Within Thirty Days after Petco Recognized that Hearne Was Improperly Joined*

Petco asserts that Hearne was improperly joined from the outset.  Improper joinder can be

shown by "the inability of the plaintiff to establish a cause of action against the non-diverse party [or

in-state defendant] in state court."  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009)

(quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Anderson v.*

*Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 915 (5th Cir. 2009) (unpublished) ("Under the

second method, if there is no reasonable basis for the district court to predict that the plaintiff might

be able to recover against an in-state defendant, the parties have been improperly joined.").  Despite

Petco's position that Doughtery could not establish a cause of action against Hearne, it did not

remove under the thirty-day period set under the first paragraph of § 1446(b).

Petco's position is that it believed early in the case that Hearne was improperly joined.  Petco

could have removed when the case was first filed in the state court and raised improper joinder in the

notice of removal.  *See Ameen v. Merck & Co.*, 226 F. App'x 363, 368 (5th Cir. 2007) (unpublished)

(holding that the defendants became aware that the plaintiff lacked a basis for recovery against the

in-state defendants only after her deposition and that removal was timely when the defendants

removed within thirty days of the deposition); *Soileau v. Wal-Mart La. LLC*, No. 09-2163, 2010 WL

1338067, at *2 (W.D. La. Mar. 30, 2010) ("[T]he thirty-day time period begins to run from the time

the improper joinder may first be ascertained." (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993))); *see also Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 WL 2300331 at *2 (S.D. Tex. Feb. 20, 2007) (citing *Baden v. Nabisco*, 224 F.3d 382, 390 n.13 (5th Cir. 2000)).  Even if improper joinder were not ascertainable from the face of Dougherty's petition, Petco's own filings show that as early as October 28, 2008, it "forwarded Texas case law to Counsel for Plaintiff discussing the duty to maintain a safe premises for invitees and how that duty is that of the premises owner and cannot be delegated to an employee."  (Docket Entry No. 7 at 5; *id.* Ex. C). Petco did not file a notice of removal within thirty days of this date.  The statute required Petco to remove thirty days from the time "it may *first* be ascertained that the case is one which is or has become removable,"  28 U.S.C. § 1446 (emphasis added).  Petco's failure to do so waived its right to remove.

### ii.    The Failure to Remove Within Thirty Days After Hearne Was Nonsuited

Petco asserts that the second paragraph of § 1446(b) applies because this case was not removable when filed, given the claim against Hearne, a Texas resident.  The problem with this argument is that even if the second paragraph of § 1446 applies, Petco did not timely remove.  Under this paragraph, a case becomes removable once the defendant receives a "paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b). Dougherty filed a Notice of Nonsuit of Petra Hearne, without prejudice, in the state court on November 26, 2008.  (Docket Entry No. 1-2, Ex. 3-A).  Under  § 1446(b), once the nonsuit was effective, Petco had thirty days in which to remove.  Petco asserts that the thirty days did not begin to run until December 31, 2008, when the state court judge signed an order granting the nonsuit. Petco argues that Dougherty prevented removal by amending its petition to rejoin Hearne as a

8

defendant to the state-court suit on January 28, 2009, before—just before—the thirty-day period for removal had passed.  (Docket Entry No. 1, Notice of Removal).  Petco's argument is unpersuasive. Under Texas law, a notice of nonsuit is effective when it is filed by the nonsuiting party, not when it is granted by the presiding judge.  *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982) ("The granting of a non-suit is merely a ministerial act.  A plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is made in open court unless the defendant has, prior to that time, filed pleadings seeking affirmative relief.").  Dougherty filed the nonsuit on November 26, 2008.  (Docket Entry No. 3).  Under the second paragraph of § 1446(b), Petco had thirty days, or until December 26, 2008, to remove.  Petco did not remove during that period, which ended before Dougherty amended again to rejoin Hearne to the suit.  Petco's failure to remove within thirty days after the case became removable by Dougherty's nonsuit of Hearne makes Petco's January 2010 removal untimely.  *See Brown*, 792 F.2d at 481.

### iii.     Did the State Court Order Granting Hearne's Summary Judgment Motion Begin Another Thirty-Day Period to Remove?

Petco alternatively argues that even if it missed an opportunity to remove when Hearne was nonsuited from the state-court action and not rejoined until after thirty days had passed, the state court's order granting Hearne's summary judgment motion disposed of any claims Dougherty had against Hearne and established that Hearne was improperly joined, and made the case removable. Petco argues that it filed its notice of removal within thirty days of that order.

The state-court order granting Hearne's summary judgment motion did not create an opportunity for Petco to remove that was not previously available.  When the case was filed in the state court, Petco could have removed and raised improper joinder in the notice of removal.  Even if improper joinder were not ascertainable from the face of Dougherty's petition, Petco's own filings

9

show that as early as October 28, 2008, it "forwarded Texas case law to Counsel for Plaintiff discussing the duty to maintain a safe premises for invitees and how that duty is that of the premises owner and cannot be delegated to an employee." (Docket Entry No. 7 at 5; *id.* Ex. C).  Petco did not file a notice of removal within thirty days of this date.  Instead of removing and having the federal court determine whether Hearne was improperly joined by ruling on a motion to remand, Petco asked the state court to determine whether there was any claim against Hearne under Texas law.  As discussed below, this waived Petco's right to removal.  The state court's confirmation of what Petco already believed—that Dougherty could not recover on the claims asserted against Hearne—did not restart the thirty-day period to remove because the statute required Petco to remove thirty days from the time "it may *first* be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446 (emphasis added), not when a filing or "other paper" affirmed that the case is in fact removable.[1]  Petco's notice of removal is untimely.

## B.      Waiver by Seeking an Adjudication on the Merits in State Court

Dougherty argues that Petco waived its right to remove by seeking an adjudication on the merits of the claims against Hearne in the state court.  (Docket Entry No. 3 at 4).  The Fifth Circuit has recognized that seeking an adjudication on the merits of a claim waives the right to remove.  *See Johnson v. Heublein Inc.*, 227 F.3d 236, 244 (5th Cir. 2000) ("The Co-defendants waived their right to remove the case under the original complaint by . . . filing both motions to dismiss and a motion

---

[1] Petco's admitted knowledge of the defects in the claims against Hearne makes resolution of its argument that improper joinder is an exception to the "voluntary-involuntary" rule unnecessary.  Under the "voluntary-involuntary" rule, an action unremovable when filed may become removable by a voluntary act of the plaintiff.  *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).  Courts have "long recognized" an exception to this rule when a nondiverse or in-state defendant is dismissed based on improper joinder.  *Id.*  In this case, Petco's opportunity to remove based on Hearne's improper joinder expired before the trial court's grant of summary judgment in favor of Petco and Petco points to no authority to revive the claim.

for summary judgment in the state court proceeding prior to the filing of the amended complaint by the Co-plaintiffs, thus invoking the jurisdiction of the state court in resolving the issues presented by the original complaint."); *Brown v. Demco*, 792 F.2d 478, 481 (5th Cir. 1986) ("Even a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court."). The courts have recognized that certain activities can waive removal, such as when a defendant "filed answers, amended answers, motions of various kinds, third party demands, cross claims, amended cross claims, and participated in discovery and depositions," *Brown*, 792 F.2d at 481, or when the defendant filed motions to dismiss or motions for summary judgment, *Johnson*, 227 F.3d at 244.  *See also Garcia v. SSP Partners*, No. C-06-0385, 2006 WL 2850066, at *5–7 (S.D. Tex. Oct. 3, 2006) (finding a "'clear intent to have the state court proceed on the merits of the case'" by defendants that filed motions to compel arbitration and motions to consolidate and transfer two cases filed by the plaintiff in state court and offered to pay for an ad litem for the plaintiffs' children if the cases were consolidated (quoting *Jacko v. Thorn Americas Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000))); *Ortiz v. Brownsville Indep. Sch. Dist.*, 257 F. Supp. 2d 885, 889 (S.D. Tex. 2003) ("[Generally,] the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits. Thus, while the 'mere filing' of a potentially dispositive motion is insufficient to find waiver, a defendant who argues such a motion at a hearing or otherwise urges its resolution may not thereafter remove her case." (quotations omitted)). Filing and participating in a hearing on a summary judgment motion is sufficient to show a clear intent to have the state court decide the merits of the case and is sufficient to waive a right to remove. *Jacko*, 121 F. Supp. 2d at 577.

In this case, Petco sought and received a summary judgment ruling from the state trial court, invoking its jurisdiction and thereby waiving any removal right.

11

### C.       Failing to Remove Within One Year

A case cannot be removed on the basis of diversity jurisdiction more than one year after the

case is commenced.  28 U.S.C. § 1446(b).   Petco acknowledges that it is removing more than one

year after the state court suit was filed.  Petco argues that an equitable exception to the one-year

limitation is warranted, citing *Tedford v. Warner Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003).

An equitable exception may be valid if the plaintiff "attempted to manipulate the statutory rules for

determining federal removal jurisdiction, thereby preventing [Petco] from exercising its rights." *Id.*

In *Tedford v. Warner-Lambert Co.*, two plaintiffs filed suit against a pharmaceutical company

and named a single nondiverse defendant, a treating physician.  *Id.* at 424.  The claim against the

treating physician was not a cognizable claim under Texas law.  *Id.* at 427.   In discovery, the

pharmaceutical company discovered that the doctor treated only one of the patients.  *Id.* at 424–25.

The trial court severed the plaintiffs' claims and transferred one plaintiff's case to another county.

*Id.* at 425.  Prior to the entry of the order severing the case, the plaintiff had been informed of the

pharmaceutical manufacturer's intent to remove; three hours after that notice, the plaintiff amended

her petition to name her treating physician as a non-diverse defendant.  *Id.*  The pharmaceutical

company removed asserting that both treating physicians were fraudulently joined.  *Id.*  The district

court granted the plaintiff's motion to remand.  *Id.*

After returning to state court, one of the plaintiffs signed and postdated a notice of nonsuit

against the treating physician before the one-year anniversary of the filing of the suit but did not

inform the defendant until after the expiration of the one-year period.  *Id.*  The pharmaceutical

defendant again removed.  *Id.*  The district court held that removal was proper in spite of the one-year

deadline.  The Fifth Circuit affirmed and held that the time limit for removal is not jurisdictional and

is subject to equitable tolling, and that under those facts, "[e]quity demands [the plaintiff] be estopped

12

from seeking to remand the case," *id.* at 428, in part because the defendants "vigilantly sought to try the case in federal court" because "[e]ach time it became apparent that the right to remove existed, [the defendant] sought to exercise that right," *id.* at 428.

Dougherty's actions fail to amount to "consistent forum manipulation" of the sort evidenced in *Tedford*. *Id.* n.13. The record does not show that Dougherty was attempting improperly to prevent removal through her initial petition against Hearne, her nonsuit of Hearne, or her amended petition to rejoin Hearne. Dougherty waited more than thirty days before rejoining Hearne as a defendant, a period much longer than the three hours in *Tedford* and sufficient to allow Petco to remove the case. None of Dougherty's actions placed a procedural barrier on Petco's right to remove as displayed in *Tedford*.

The parties' conduct must also be considered. *Id.* at 426. Unlike the original defendant in *Tedford*, Petco did not "[seek] to exercise [its] right" when "it became apparent that the right to remove existed." *Id.* at 428. Petco failed to remove and assert a fraudulent joinder claim before the nonsuit, though it believed that Hearne had been improperly joined. Additionally, it failed to remove after the nonsuit, when removal would have been proper. Instead, by submitting the case to summary judgment, Petco "invoked the process of the state court before removing." *Brown*, 192 F.2d at 481. Balancing these facts against the general rule of construal against removal, allowing removal of this case would "deprive[] a state court of a case properly before it and thereby implicate[] important federalism concerns." *Frank*, 128 F.3d at 922. Because any "ambiguities are generally construed against removal," *Butler*, 592 F.2d at 1296, this court declines to extend an equitable exception to a defendant who previously waived its right to removal.

**IV.   Attorneys' Fees**

This court denied Dougherty's motion for sanctions at the hearing on March 29, 2010.

(Docket Entry No. 13). Dougherty also seeks attorneys' fees under 28 U.S.C. § 1447(c) in the amount of $2,500 for the cost of moving to remand. (Docket Entry No. 3 at 6). 28 U.S.C. § 1447(c) authorizes a court to "require payment of just costs and any actual expenses, including attorney fees incurred as a result of removal." The Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The record before this court does not show that the defendants' arguments were so objectively unreasonable as to justify a fee award. The motion for fees is denied.

## V.     Conclusion

The motion to remand is granted. This case is remanded to the 189th Judicial District Court of Harris County, Texas.

SIGNED on May 28, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

14